UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK

\-------------------------------------------------------------x

RICARDO FLEURIMOND and SAVINO DIGIOSA,:

                         Plaintiffs,       :   **Docket No.**

            - against -     :

CITY OF NEW YORK, NEW YORK CITY    :
DEPARTMENT OF HEALTH AND MENTAL  :
HYGIENE, RODNEY HOLDER, HONG LOW, :
JOHN WRIGHT, CHRISTINE ABRIL, KINGS :  **<u>VERIFIED COMPLAINT</u>**
COUNTY, DISTRICT ATTORENY'S OFFICE, :
NEW YORK CITY POLICE DEPARTMENT,  :
DEPARTMENT ASSISTANT COMMISSIONER :
SHEILA BENJAMIN, and POLICE OFFICER :
JOHN DOE NUMBERS 1-10, unknown and intended:  **Jury Trial Demanded**
to be named New York City Police Officers involved :
in the occurrences herein, individually and in their :
respective capacities as members of the New York :
City Police Department,                 :
                           :
               Defendants.    :

\-------------------------------------------------------------x

Ricardo Fleurimond ("Mr. Fleurimond") and Savino Digiosa ("Mr. Digiosa") (together, the "Plaintiffs"), by their undersigned attorneys, Raiser & Kenniff, P.C., as and for their Verified Complaint against the City of New York (the "City"), the New York City Department of Health and Mental Hygiene ("DOHMH"), Rodney Holder ("Holder"), Hong Low ("Low"), John Wright ("Wright"), Director Christine Abril ("Abril"), the Kings County District Attorney's Office (the "DA"), the New York City Police Department (the "NYPD"), Department Assistant Commissioner Sheila Benjamin ("Benjamin"), and Police Officer John Doe Numbers 1-10, unknown and intended to be named New York City Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the New York City Police Department (together, the "Defendants"), hereby allege as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 11 and 12 of the New York State Constitution. Plaintiffs bring this action for violations of their civil rights, false arrest, false imprisonment, malicious prosecution, negligent hiring, negligent training and supervision, and other wrongful acts by Defendants.

2. Plaintiffs allege that on or about February 25, 2013, Holder advised Plaintiffs that the air-conditioning units in DOHMH's Kingsland Warehouse located in Greenport, Brooklyn (the "Warehouse"), were being thrown away as a result of water damage from Superstorm Sandy, and that Plaintiffs could take the air-conditioning units.

3. Plaintiffs also allege that after they left with the air-conditioning units, Low reported the matter to Wright, who in turn notified Abril. Once they determined that the air-conditioning units were not supposed to be given away, Wright first texted then called Plaintiffs and directed them to return the air-conditioning units. On or about the next day, February 26, 2013, Plaintiffs returned the air-conditioning units to the Warehouse without incident.

4. Plaintiffs further allege that on or about March 8, 2013, a union representative for Plaintiffs' union advised them both that DOHMH reported the incident to the NYPD. Plaintiffs met with Benjamin to explain that they were given permission by Holder to take the air-conditioning units and that they did not steal them.

5. Plaintiffs further allege that despite their attempts to explain the situation to Benjamin, they were both arrested on or about March 15, 2013 for Grand Larceny. After their arrests, DOHMH suspended Plaintiffs from their jobs for 30 days, and the subsequently terminated their

2

employment on June 28, 2013. The grand jury however, did not return indictments against Plaintiffs, and the criminal proceeding was ultimately dismissed on or about August 20, 2013.

6. Plaintiffs allege that the Defendants, are individually, jointly and severally liable for the violations of Plaintiffs' constitutional rights, in that said defendants have:

(a) falsely arrested and imprisoned Plaintiffs in violation of their rights against unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution;

(b) maliciously prosecuted Plaintiffs despite lacking admissible evidence to demonstrate Plaintiffs' guilt;

(c) failed to properly and adequately hire their agents, servants, employees, and/or licensees involved in the occurrences herein; and

(d) failed to properly train, instruct, supervise, and/or discipline their agents, servants, employees, and/or licensees involved in the occurrences herein.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of Plaintiff's constitutional and civil rights.

8. Venue is proper for the United States District court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff Fleurimond was and is, at all relevant times herein, a resident of the County of Kings, State of New York, and is a former DOHMH city laborer.

3

10. Plaintiff Digiosa was and is, at all relevant times herein, a resident of the State of New York, and is a former DOHMH city laborer.

11. Defendant Holder was and is, at all times relevant herein, a resident of the State of New York, and was and is a Records Aide employed by DOHMH (after the Incident he was promoted).

12. Defendant Low was and is, at all times relevant herein, a resident of the State of New York, and was and is a Stock Worker employed by DOHMH (after the Incident he was promoted to supervisor).

13. Defendant Wright was and is, at all times relevant herein, a resident of the State of New York, and at the time of the Incident he was a supervisor employed by DOHMH, but after the Incident he was demoted.

14. Defendant Abril was and is, at all times relevant herein, a resident of the State of New York, and was and is a Warehouse Director employed by DOHMH.

15. Defendants Holder, Low, Wright, and Abril were and are, at all times relevant herein, officers, employees, and agents of the Defendant DOHMH, a municipal agency of the Defendant City.

16. The Defendant DA was and is, at all times relevant herein, a municipal agency of the Defendant City.

17. Defendant Benjamin and Police Officer John Doe Numbers 1-10 were and are, at all times relevant herein, officers, employees, and agents of the Defendant NYPD, a municipal agency of the Defendant City. At all times relevant herein, Defendant Benjamin was and is a Department Assistant Commissioner of the NYPD.

4

18. At all times relevant herein, the Defendants Holder, Low, Wright, Abril, Benjamin, and Police Officer John Doe Numbers 1-10 (the "Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of DOHMH and the NYPD respectively, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for, and on behalf of, the City at all times relevant herein with the power and authority vested in them as officers, agents, and employees of the City and incidental to the pursuit of their duties as officers, employees, and agents of the City.

19. The Defendant City is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a department of health and mental hygiene, a police department, and a district attorney's office, which act as its agents in the areas of, health services, law enforcement, and criminal prosecution respectively, and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a department of health and mental hygiene, a police force, and a district attorney's office, and the employment of health workers, police officers, and assistant district attorneys, as said risk attaches to the public consumers of the services provided by the City.

**STATEMENT OF FACTS**

20. As a result of Superstorm Sandy, the DOHMH's Warehouse in Greenport, Brooklyn suffered extensive water damage, including water damage to 90% of the Warehouse's supplies. The Warehouse was inspected and condemned by FEMA in or around January 2013.

21. On or about February 25, 2013, Plaintiffs were dispatched to the Warehouse to pick up supplies in two DOHMH vans, including bond paper, to transport to a different facility.

22. Holder, one of the few DOHMH employees still regularly stationed at the condemned Warehouse, let Plaintiffs in.

23. Inside the Warehouse, Plaintiffs saw several boxed air-conditioning units (approximately 25-30 air conditioners), and asked Holder about DOHMH's plans for the damaged supplies.

24. Upon information and belief, Holder informed Plaintiffs that the contents of the Warehouse, including the air-conditioning units (which had an approximate value of $600 each), were garbage about to be thrown away.

25. When Plaintiffs asked Holder for permission to take the air-conditioning units for themselves, Holder agreed, and removed debris to help Plaintiffs load the air-conditioning units into their vans.

26. Shortly thereafter, Low appeared in the Warehouse to sign off on Plaintiffs' paperwork regarding Plaintiffs' assignment to pick up bond paper. As Low helped Plaintiffs load the bond paper and other supplies, he noticed the air-conditioning units.

27. Upon information and belief, Low reported Plaintiffs taking the air-conditioning units to Wright, who in turn notified Abril. Abril then contacted Holder about the incident, who informed her that he did not know someone took the air-conditioning units.

28. After it was determined that the air-conditioning units had not been officially requisitioned, Wright texted and called Fleurimond, directing him to return the air-conditioning units to the Warehouse. Fleurimond relayed the message to Digiosa.

29. On or about the next day, February 26, 2013, Plaintiffs returned all of the air-conditioning units to the Warehouse, explaining to Holder that they reasonably believed that Holder gave them permission to take the units.

30. On or about March 8, 2013, Plaintiffs received notice from a union representative from their union that DOHMH reported the February 25, 2013 incident to the NYPD.

31. Shortly thereafter, Plaintiffs met with Benjamin to explain that Holder gave them permission to take the air-conditioning units, and that they promptly returned the units the next day after Wright told them to. At no point did Plaintiffs intend to steal the units from the Warehouse.

32. Despite the fact that Plaintiffs were initially given permission to take the air-conditioning units, Plaintiffs were subsequently arrested for Grand Larceny on or about March 15, 2013.

33. As a result of their arrests, DOHMH suspended Plaintiffs from their jobs for 30 days, and then terminated their employment on or about June 28, 2013.

34. Plaintiffs both testified in front of the grand jury, which ultimately did not indict Plaintiffs, and the criminal proceeding was subsequently dismissed on or about August 20, 2013.

35. Both Defendant Holder and Low were promoted after appearing in court to testify against Plaintiffs. Defendant Wright, who never appeared in court, was demoted.

## FIRST CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. § 1983 AND BY THE FORUTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

36. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

37. At all times relevant herein, the conduct of the City, DOHMH, the NYPD, the DA, and the Individual Defendants were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

38. As of February 25, 2013, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures by government actors, and deprivation of liberty without due process of law.

39. The conduct and actions of the Defendants, acting jointly and severally under color of state law, in unlawfully arresting and imprisoning Plaintiffs, and in unlawfully prosecuting Plaintiffs knowing that they did not have probable cause to arrest them, was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiffs' reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

40. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## SECOND CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY FAILING TO PROTECT THE PLAINTIFF FROM UNCONSTITUTIONAL HARM

41. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

42. As of February 25, 2013, there existed a clearly recognized civil right to be free from wrongful and/or illegal acts which would violate the rights guaranteed to Plaintiffs under the Constitution and Laws of the United States and the State of New York.

43. The conduct and actions of the Defendants, acting jointly and severally under color of state law, failing to take any steps to protect Plaintiffs from unjustified arrest, imprisonment, and prosecution was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiffs' reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

44. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, emotional distress, loss of wages and employment, loss of their ability to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## THIRD CLAIM

### CONSTITUTIONAL CLAIMS AGAINST AGAINST THE CITY OF NEW YORK, DEPARTMENT OF MENTAL HEALTH AND HYGIENE AND THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE

45. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

9

46. At all times material to this Verified Complaint, the City, acting through DOHMH, the NYPD, and the DA, had in effect *de facto* policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents, and occupants of the City of New York that were a direct and proximate cause of the unconstitutional conduct of the Defendants.

47. These *de facto* policies, practices, and customs include, *inter alia*, the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control DOHMH employees, NYPD officers responsible for law enforcement, and assistant district attorneys responsible for prosecuting criminal cases.

48. At all times herein, the City, DOHMH, the NYPD and the DA have authority to address the alleged behavior that violates citizens' constitutional rights and to institute corrective measures.

49. At all times herein, the City, DOHMH, the NYPD, and the DA knew or should have known that there was no admissible evidence to support an arrest of Plaintiffs, but the City, DOHMH, the NYPD, and the DA failed to take calculated steps to ensure that proper attention was given to Plaintiffs' circumstances, choosing instead to remain deliberately indifferent to the violation of Plaintiffs' constitutional rights.

50. As a direct and proximate result of the City's, DOHMH's, the NYPD's, and the DA's wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, emotional distress, loss of wages and employment, loss of the right to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## FOURTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

51. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

52. Defendants NYPD, DOHMH, and the Individual Defendants, acting individually and in concert, intentionally and deliberately falsely detained, arrested, restrained, and imprisoned Plaintiffs without any admissible evidence that Plaintiffs committed a crime.

53. Plaintiffs were conscious of their confinement in connection with the unjustified charges against them, and did not consent to the confinement.

54. The confinement of Plaintiffs was not otherwise privileged.

55. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

56. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

57. The actions of the NYPD, DOHMH, and the Individual Defendants, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiffs by the DA for Grand Larceny.

58. A judicial proceeding was commenced and prosecuted against Plaintiffs despite the absence of admissible evidence connecting him to the crimes alleged.

59. As a result of the judicial proceeding, Plaintiffs suffered embarrassment and damage to their reputation.

60. This judicial proceeding was undertaken without probable cause and with malice aforethought.

61. The judicial proceeding was terminated in favor of Plaintiffs when the grand jury voted to not indict Plaintiffs on the charges.

62. Plaintiffs were injured by having to go through this judicial proceeding, and suffered interference with their persons, reputations, wages, and employments as a result of this proceeding. Plaintiffs also suffered severe emotional distress and infringement of their rights to move about freely and unconstrained as a result of the judicial proceeding.

63. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, emotional distress, pain and suffering, reputational damage, loss of wages and employment, loss of the right to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## SIXTH CLAIM

### PENDENT CLAIM OF NEGLIGENT HIRING,
### TRAINING AND SUPERVISION AGAINST THE
### CITY OF NEW YORK, DEPARTMENT OF HEALTH
### AND HYGIENE, THE NEW YORK POLICE DEPARTMENT,
### AND THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE

64. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

65. At all times relevant herein, the City, DOHMH, the NYPD, and the DA, have been grossly negligent and/or negligent in the hiring, supervision, training, and monitoring of their officers, agents, and employees.

66. Specifically, DOHMH employees, including Holder, Low, Wright, and Abril, are not properly supervised regarding the proper storage and transportation of DOHMH's supplies, and lack the training to know that reporting Plaintiffs to the NYPD was unnecessary when the air-conditioning units were promptly returned once an error was discovered.

67. Additionally, officers of the NYPD, including Benjamin, receive minimal instruction regarding the rights of those accused to have committed a crime, and these officers receive no proper supervision over their investigations against alleged criminals, especially when allegedly stolen property was promptly returned and the alleged victims suffered no loss as a result.

68. Moreover, a culture exists within the DA where the ADAs assigned to prosecute cases, and are unsupervised by their superiors, turn a blind eye to the realities of situations where no criminal activity occurred, and fail to properly weed out such cases from the courts' docket, thereby wasting the courts' time in addressing cases that should not have been filed at all (such as Plaintiffs' underlying case).

69. As a result of the City's, DOHMH's, the NYPD's, and the DA's failure to properly hire, supervise, train, and monitor their officers, agents, and employees, Plaintiffs were falsely arrested, falsely imprisoned, and maliciously prosecuted for the alleged crime of Grand Larceny.

70. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiffs suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiffs contributing thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against the Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) The convening and empaneling of a jury to consider the merits of the claims herein;

(d) Costs and interest and attorneys' fees; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
      January 22, 2016

Respectfully submitted,

**RAISER & KENNIFF, P.C.**

By: _James M. Ingoglia_
     James M. Ingoglia, Esq.
300 Old Country Road, Suite 351
Mineola, New York 11501
(516) 742-7600
jingoglia@raiserkenniff.com

*Attorneys For Plaintiffs*

14

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NASSAU         )

RICARDO FLEURIMOND, being duly sworn deposes and says:  I am the Plaintiff in the

within action, and I have read the annexed VERIFIED COMPLAINT, I know the contents

thereof, and I acknowledge that the contents thereof are true to my own knowledge.

_____
RICARDO FLEURIMOND

Sworn to me before this
22 day of January, 2016

_____
Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20__

## <u>VERIFICATION</u>

STATE OF NEW YORK        )
                                     ) ss:
COUNTY OF NASSAU        )

        SAVINO DIGIOSA, being duly sworn deposes and says:  I am the Plaintiff in the within

action, and I have read the annexed VERIFIED COMPLAINT, I know the contents thereof, and I

acknowledge that the contents thereof are true to my own knowledge.


                                        _____
                                         SAVINO DIGIOSA

Sworn to me before this
_____ day of January, 2016

_____
        Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20___